USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
RAFAEL SANCHEZ, Individually, and on behalf       :
of all others similarly situated,                               :
                                                                            :
                                          Plaintiffs,             :        21-CV-3229
                                                                            :
                      -against-                                    :        OPINION AND ORDER
                                                                            :
L'OREAL USA, INC.,                                          :
                                                                            :
                                          Defendant.           :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Rafael Sanchez has sued L'Oreal USA, Inc. for violation of the Fair Labor Standards Act ("FLSA"),[1] the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and New York's Labor Law ("NYLL"), alleging various forms of discrimination, retaliation, failure to pay overtime wages, aiding and abetting, and other wage and hour violations. *See* Am. Compl. (Dkt. 10). L'Oreal USA, Inc. has moved to dismiss Plaintiff's overtime and aiding and abetting claims. *See* Def. Mem. of Law (Dkt. 15). Plaintiff opposes the motion. *See* Pl. Opp. (Dkt. 27). For the reasons discussed below, Defendant's partial motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Raphael Sanchez, a makeup artist and skincare consultant, worked for Defendant L'Oreal USA, Inc., from December 2017 to December 2018. *See* Am. Compl. ¶¶ 14, 23. Plaintiff identifies as gay, an atheist or nonreligious, and HIV-positive. *See id.* ¶¶ 117, 136, 153, 155, 175. Plaintiff alleges that throughout his employment, his supervisor (Viviana Nunez) subjected

---

[1] Plaintiff asserts his FLSA claim individually and on behalf of individuals similarly situated. *See* Am. Compl. ¶¶ 4, 6.

1

him to various forms of harassment and discrimination based on Plaintiff's sexual orientation, religion, and disability, ultimately resulting in Plaintiff's termination.  *See id.* ¶¶ 48–99.

Plaintiff has sued Defendant for discrimination, retaliation, and a hostile work environment under NYCHRL (First through Fourth and Sixth Causes of Action); aiding and abetting and attempted aiding and abetting under both NYCHRL and NYSHRL (Fifth and Seventh Causes of Action); failure to pay overtime wages as required by FLSA and NYLL (Eighth and Ninth Causes of Action); and failure to provide a wage statement as required by NYLL (Tenth Cause of Action).

Defendant L'Oreal USA, Inc. has filed a partial motion to dismiss, arguing that Plaintiff has failed to state a claim as to his FLSA and NYLL overtime claims, and his NYSHRL and NYCHRL claims for aiding and abetting or attempted aiding and abetting.  *See* Def. Mem. of Law at 1–2.  Defendant also argues that Plaintiff's FLSA claim is time-barred.  *See id.* at 1.  For the reasons discussed below, Defendant's partial motion to dismiss is GRANTED without prejudice to Plaintiff seeking leave to amend his FLSA and NYLL overtime claims (Eighth and Ninth Causes of Action), and is GRANTED with prejudice as to Plaintiff's aiding and abetting and attempted aiding and abetting claims (Fifth and Seventh Causes of Action).

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level."  *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).

The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

I. **Plaintiff's FLSA and NYLL Overtime Claims**

   A. **Plaintiff Has Failed Adequately to Allege a Claim for Unpaid Overtime**

FLSA and NYLL claims are "analytically identical." *Lundy v. Cath. Health Sys. of Long Island, Inc.*, 711 F.3d 106, 118 (2d Cir. 2013); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013). Both statutes mandate overtime pay for work in excess of forty hours in a workweek. 29 U.S.C. §207(a)(1); 12 NYCRR 142-2.2. "In order to state a plausible FLSA [or NYLL] overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *see also Nakahata*, 723 F.3d at 201 ("Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").

"Determining whether a plausible claim has been pled is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679). Still, "a generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours for any specific workweek is insufficient." *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) (citations omitted). To survive a motion to dismiss, FLSA plaintiffs must be able to, at the very least, "estimate" the number of weekly

3

hours they worked in "in any or all weeks" for which they claim they are owed overtime pay. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming dismissal where plaintiff's "complaint was devoid of any numbers to consider beyond those plucked from the statute," and "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week" without overtime pay); *see also Henao v. Parts Auth., LLC*, 2020 WL 5751175, at *3 (S.D.N.Y. Sept. 25, 2020) ("The [complaint] fails to state a claim for unpaid overtime under FLSA because the [complaint] provides no estimate of the weekly hours of the three Plaintiffs asserting such claims").

Plaintiff alleges that "[u]pon information and belief, throughout Plaintiff's employment, and particularly during holiday season weeks and/or weeks during which he was asked to work late to close, Defendant frequently failed to pay him overtime premium compensation for all hours worked over forty hours in a workweek." Am. Compl. ¶ 101. Plaintiff further alleges that he was "occasionally asked to work through his lunch break" and that, "upon information and belief," Defendant failed to pay him overtime compensation "during at least one workweek during each of the following months": February, March, June, August, September, October, and November 2018, totaling at least fifty hours of unpaid overtime. *Id.* ¶¶ 102–03.

Defendant argues that Plaintiff's overtime claims must be dismissed because Plaintiff has not "specif[ied] even one workweek in which plaintiff worked more than 40 hours." Def. Mem. of Law at 4; *see also* Def. Reply at 2 (Dkt. 28). In response, Plaintiff argues that he has stated claims for unpaid overtime because he has: "(1) pled a total of seven *identifiable* weeks — each of which occurred within four alternative potential weeks within a one-month period;" "(2) estimated the total amount of hours of unpaid overtime compensation; and (3) otherwise alleges" that he was not paid overtime "particularly during holiday season weeks and/or weeks during

which [Plaintiff] was asked to work late to close." Pl. Opp. at 19–20 (emphasis in original). Plaintiff further argues that, unlike the cases on which Defendant relies, Plaintiff "provided an approximation of overtime hours worked in excess of forty hours." *Id.* at 20–21.

Plaintiff is mistaken. An "approximation" of unpaid overtime is not what the law requires. As courts in this district have made clear, Plaintiff's allegation that he is owed "at least fifty hours of unpaid overtime compensation," Am. Compl. ¶ 103, which is "unaccompanied by any allegation as to *what specific workweek* the plaintiff worked overtime, or by how many hours *for any specific workweek*[,] is insufficient." *Musiello*, 518 F. Supp. 3d at 794 (emphases added); *see also Watkins v. First Student, Inc.*, 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018) (dismissing overtime claims where plaintiff failed to "describe the number of days that she worked in the identified workweeks, [or] the length of the shifts"). Plaintiff has not identified *any specific* days or weeks that Defendant allegedly failed to pay him overtime. Plaintiff's general attribution to "at least one workweek" during seven different months in 2018 simply does not suffice, nor does the generalized claim that Defendant failed to pay him overtime during the holiday season or for "weeks during which he was asked to work late to close." Am. Compl. ¶¶ 100–03. The Amended Complaint further lacks any information about Plaintiff's hourly rate or income during those weeks that would allow "the Court to do the math and conclude that []he plausibly was not compensated for overtime." *Watkins*, 2018 WL 1135480, at *8; *see also Bowen v. Baldwin Union Free Sch. Dist.*, 2017 WL 4083553, at *2 n.2, *5 (E.D.N.Y. Aug. 23, 2017) (dismissing overtime claim where plaintiff failed to allege the number of straight-time hours worked during any day or week, the total hours typically worked in a week, or his scheduled start time).

5

Even if Plaintiff had sufficiently pled an unpaid overtime claim, he improperly rests his allegations "upon information and belief." *See* Am. Compl. ¶ 103. While Plaintiff need not reconstruct exactly the hours he worked each week, *see Boutros v. JTC Painting & Decorating Corp.*, 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013), he is "reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours," *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014); *see also Ayala v. Looks Great Servs., Inc.*, 2015 WL 4509133, at *9 (E.D.N.Y. July 23, 2015) (while Plaintiff "may not possess the complete documentary records regarding the hours that [he] worked," Plaintiff needs to provide "more content and context to [his] allegations to make [his] overtime claim plausible"). Plaintiff has not provided even the most basic details about the hours or shifts he worked during specific weeks, which should be well within his knowledge. Accordingly, Plaintiff's allegations on "information and belief," without more, are insufficient.

Without the necessary specificity, the Court cannot reasonably infer that Plaintiff worked more than forty hours in any given week and, if he did, what overtime pay he is due. Accordingly, Plaintiff has failed to state a claim for unpaid overtime under FLSA or NYLL.

B. The Statute of Limitations on Plaintiff's FLSA Claim

Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* "A court may dismiss a claim on statute-of-limitations grounds at the pleading stage 'if [the]

6

complaint clearly shows the claim is out of time.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

The FLSA imposes a two-year statute of limitations for claims of unpaid overtime. *Id.* at 318 (citing 29 U.S.C. § 255(a)). There is an exception, however, for unpaid overtime claims arising out of an employer's "willful" violation of the FLSA, which triggers a three-year statute of limitations. *Id.*; *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988) ("Congress intended to draw a significant distinction between ordinary violations and willful violations."). "Each wrongful paycheck is a discrete cause of action for purposes of the FLSA['s]" statute of limitations. *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021).

"FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." *Whiteside*, 995 F.3d at 320; *see also id.* at 321 ("An averment of 'willfulness' is . . . *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage.") (emphasis in original). Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.* A plaintiff must plausibly allege that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 324 (citation omitted); *see also McLaughlin*, 486 U.S. at 132–33 (the plaintiff must do more than show that "an employer knew that the FLSA 'was in the picture'").

Because Plaintiff's FLSA claim arises out of unpaid overtime compensation in 2018, and Plaintiff filed his Amended Complaint in 2021, Plaintiff must be able adequately to plead willfulness to overcome the FLSA's statute of limitations. Even then, only his unpaid overtime

7

claims from August through November 2018 would be saved from dismissal.[2] Plaintiff argues that he has adequately pled Defendant's willfulness by alleging that: (1) Defendant was familiar with its obligation to pay its employees overtime compensation but failed to do so; (2) it was common knowledge among employees that Defendant did not pay overtime; (3) Defendant had "an intentional policy or practice" of not paying overtime; (4) Defendant forced Plaintiff to work late hours during the holiday season; and (5) Defendant managed payroll and compensation. Pl. Opp. at 23–25; *see also* Am. Compl. ¶¶ 38–42, 101–02, 105–09, 238, 245–47.

Defendant correctly points out that the allegations in the Amended Complaint merely paraphrase the applicable willfulness standard. Def. Mem. of Law at 10. Plaintiff's Amended Complaint includes no facts from which the Court can plausibly infer that Defendant knew or acted with reckless disregard for its obligation to pay overtime. *See, e.g.*, *Whiteside*, 995 F.3d at 324 (no willfulness where plaintiff failed to allege that defendants "acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA") (emphasis in original); *Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, 2022 WL 624451, at *5 (S.D.N.Y. Mar. 2, 2022) (finding plaintiff's allegation that "Defendants' violations of the FLSA have been done in a willful and bad-faith manner" to be conclusory). The Amended Complaint includes only conclusory assertions that Defendant, as a large company, was aware of

---

[2] Plaintiff filed the Amended Complaint on July 28, 2021, which introduced the FLSA and NYLL claims for the first time. *See* Am. Compl. Because the unpaid overtime claims arise from different conduct, transactions, or occurrences than the discrimination claims that comprised his original complaint, the Amended Complaint does not relate back to the original complaint. *See Caldwell v. Berlind*, 543 F. App'x 37, 40 (2d Cir. 2013) ("[A]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." (citing Fed. R. Civ. P. 15(c)(1)(B)).

Accordingly, regardless of whether Plaintiff can adequately plead willfulness, his FLSA claims of unpaid overtime through July 2018 are time-barred. But Plaintiff's NYLL claims are not time-barred, as those claims are subject to a six-year statute of limitations. *See* NYLL § 663(3).

8

its overtime obligations and had a policy or practice of failing to meet them, without describing what that policy or practice is. *Cf. Marshall v. UBS Fin. Servs., Inc.*, 2015 WL 4095232, at *4 (S.D.N.Y. July 7, 2015) (finding willfulness where plaintiff alleged "that the defendant had a corporate policy of perpetrating wage violations [and] detail[ed] what the policy was"). Plaintiff's assertion that it was "common knowledge" that Defendant did not pay overtime overstates the Amended Complaint, which alleges only that one coworker told Plaintiff that Defendant did not pay overtime. *See* Am. Compl. ¶ 38. Even so, the factually unsupported allegation by a co-worker that Defendant did not pay overtime does not remotely constitute a fact from which the Court can reasonably infer that the Defendant knew its obligations and willfully failed to comply. *See Hernandez v. NHR Human Res., LLC*, 2021 WL 2535534, at *2, *16 (S.D.N.Y. June 18, 2021) (finding willfulness where the defendant employer and its agents informed the plaintiff directly that the plaintiff "would never be paid overtime").

In short, Plaintiff has failed adequately to allege willfulness, and, accordingly, his FLSA claims are subject to the two-year statute of limitations and are time-barred.

The Court will give Plaintiff one more attempt to plead his unpaid overtime claim under the FLSA and NYLL. Fed. R. Civ. P. 15(a)(2). Any Second Amended Complaint that Plaintiff seeks leave to file must adequately plead willfulness to save his FLSA claim for unpaid overtime accruing from July 28, 2018 and must cure the deficiencies in his pleading identified above to show that he is due overtime compensation in the first place. The Court dismisses with prejudice Plaintiff's FLSA claims for unpaid overtime that accrued prior to July 28, 2018.

**II.     Plaintiff's Aiding and Abetting Claims Under NYSHRL and NYCHRL**

Defendant argues that Plaintiff has failed to state claims for aiding and abetting or attempted aiding and abetting under both NYSHRL (N.Y. Exec. Law § 296(6)) and NYCHRL (N.Y.C. Admin. Code § 8-107(6)). Both statutes provide that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. § 296(6); *see also* N.Y.C. Admin. Code § 8-107(6) ("It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."). Courts in this district apply the same standard to evaluate both claims. *See Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004); *see also, e.g., Farmer v. Shake Shack Enters.*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020) (citation omitted).

As an initial matter, "[a] precondition to a valid aiding and abetting claim under the NYSHRL or NYCHRL is a demonstration of a valid primary claim for discrimination or retaliation." *Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *7 (S.D.N.Y. Mar. 11, 2021), at *7; *see also Farmer*, 473 F. Supp. 3d at 338 (where plaintiff "does not state a claim for . . . discrimination or a hostile work environment on the part of . . . defendant, there is no predicate for aiding and abetting liability with respect to these claims"). To state a claim for aiding and abetting, a plaintiff must allege that the defendant "actually participate[d] in the conduct giving rise to [the] discrimination claim." *Feingold*, 366 F.3d at 157 (citation omitted); *see also, e.g., Farmer*, 473 F. Supp. 3d at 337; *Mauro v. N.Y.C. Dep't of Educ.*, 2020 WL 5899522, at *8 (S.D.N.Y. Apr. 29, 2020); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 367–68 (S.D.N.Y. 2012).

Here, Plaintiff alleges that the Defendant aided and abetted or attempted to aid and abet the NYSHRL and NYCHRL violations of Viviana Nunez, Plaintiff's supervisor, by "ignoring Plaintiff's repeated complaints of discrimination, refusing or failing to conduct a proper and thorough investigation of Plaintiff's complaints, refusing or failing to take remedial measures in response to Plaintiff's complaints, and acquiescing to Nunez's discriminatory conduct including, but not limited to, her creation of a hostile working environment and/or harassment of Plaintiff based on creed, religion, non-religion, sexual orientation, and/or disability." Am. Compl. ¶ 195; *see also id.* ¶¶ 48–50, 196–200, 222–29.

Defendant argues that the State and City Human Rights Laws impose aiding and abetting liability only on individuals who aid and abet an employer's violation of the statutes, "and only if it is first established that the employer itself is liable" for the underlying discriminatory conduct. Def. Mem. of Law at 13. Defendant further argues that it cannot be held liable as an aider and abettor under either statute because "an employer cannot aid and abet its own alleged violations of the discrimination laws." *Id.* (quoting *Gallo v. Alitalia-Linee Italiane-Societa per Azioni*, 585 F. Supp. 2d 520, 546 (S.D.N.Y. 2008)). Finally, Defendant argues that Plaintiff's NYSHRL claim must be dismissed because Plaintiff has not pled a primary discrimination or retaliation claim under the NYSHRL against any Defendant. *Id.* at 14 (citing, *inter alia*, *Rettino v. N.Y.C. Dep't of Educ.*, 2021 WL 2987113, at *6 (S.D.N.Y. July 15, 2021) ("Aiding and abetting is only a viable theory where an underlying violation has taken place.")).[3]

Plaintiff argues that he has adequately pled claims for aiding and abetting because he has pled that his supervisor, Ms. Nunez, violated the NYCHRL and the retaliation provision of the

---

[3] Defendant has not moved to dismiss Plaintiff's primary discrimination and retaliation claims under NYCHRL. Plaintiff has not, however, asserted any primary discrimination or retaliation claim under NYSHRL against Defendant, nor has Plaintiff sued Ms. Nunez individually.

11

NYSHRL, and Defendant aided and abetted those violations. *See* Pl. Opp. at 16, 19. Plaintiff further argues that the text of the NYSHRL and the NYCHRL and recent jurisprudence make clear that corporations can be liable for aiding and abetting discrimination or retaliation claims, and, thus, Defendant may be held liable. *See id.* at 14–15 (citing, *inter alia*, N.Y.C. Admin. Code §§ 8-102, 8-107(6); *Griffin v. Sirva Inc.*, 858 F.3d 69, 71 (2d Cir. 2017) (per curiam); *Griffin v. Sirva Inc.*, 29 N.Y.3d 174 (2017)). Finally, Plaintiff argues that "there is now considerable doubt" about whether a party can aid and abet its own conduct. *See id.* at 18 (citing *Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535 (E.D.N.Y. 2015); *Murtha v. N.Y. State Gaming Comm'n*, 2019 WL 4450687, at *18 (S.D.N.Y. Sept. 17, 2019)).

      Plaintiff misinterprets the case law. Defendant cannot be liable as an aider and abettor under either NYCHRL or NYSHRL because Defendant's alleged participation in the conduct giving rise to the underlying violation would be the basis for just that claim—an underlying violation of NYCHRL or NYSHRL. In other words, even if Plaintiff were correct in that he need only plead facts of Ms. Nunez's violations of NYCHRL and NYSHRL for Defendant to be liable as an aider or abettor, it would be Ms. Nunez's predicate conduct that would form the basis for Defendant's primary liability for discrimination, retaliation, or a hostile work environment under *both* NYCHRL and NYSHRL. *See Rossbach*, 2021 WL 930710, at *7 ("[A] corporate employer cannot be liable for aiding and abetting a hostile work environment violation by its employee, because such a claim would be derivative of the primary hostile work environment claim against the corporate employer."). Although Plaintiff might have been able to allege a valid aiding and abetting claim against Ms. Nunez, "there can be no aider-and-abettor liability as to the Corporate Defendants . . . for aiding and abetting [an employee's] conduct: though [the employee] may be directly liable for retaliation under the NYSHRL or discrimination or

12

retaliation under the NYCHRL, these claims against [the employee] are still derivative of the claims against the Corporate Defendants." *Malena*, 886 F. Supp. 2d at 368; *see also Xiang v. Eagle Enters.*, 2020 WL 248941, at *11 (S.D.N.Y. Jan. 16, 2020) (corporate defendants cannot be liable for aiding and abetting an individual's conduct).

Plaintiff's argument that "there is now considerable doubt" as to whether a corporate defendant can aid and abet its own conduct is simply unfounded. *See* Pl. Opp. at 18 (citing *Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535 (E.D.N.Y. 2015) and *Murtha v. N.Y. State Gaming Comm'n*, 2019 U.S. Dist. LEXIS 159783, at *51 (S.D.N.Y. Sept. 17, 2019)). At issue in *Johnson* was the plaintiff's aiding and abetting claim against an employee, whose conduct would have formed the basis for the employer's liability under the NYSHRL had the plaintiff not been procedurally barred from bringing the discrimination claim against the employer. *Johnson*, 82 F. Supp. 3d at 537. At most, *Johnson* stands for the proposition that "a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity." *Id.* In fact, the *Johnson* court recognized that the plaintiff's obligation "of first proving the liability of the employer" remains, "since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." *Id.* (quoting *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010)). Likewise, the *Murtha* court dealt with a plaintiff's aiding and abetting claims against "each of the three *individual* Defendants [who] separately engaged in conduct contributing to [the employer's] violations of the NYSHRL." *Murtha*, 2019 U.S. Dist. LEXIS 159783, at *53 (emphasis added). Thus, the cases on which Plaintiff relies posit that individual employees may be liable for aiding and abetting their employer's violation of the state and city

13

human rights laws, even though it was the individual's conduct that gave rise to the underlying claims against the employer. But no case has held that the reverse is true.

Accordingly, Plaintiff's aiding and abetting claims under NYSHRL and NYCHRL are dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's aiding and abetting or attempted aiding and abetting claims under NYSHRL and NYCHRL are DISMISSED with prejudice for failure to state a claim. Plaintiff's FLSA claim for unpaid overtime prior to August 2018 is DISMISSED with prejudice for being time-barred, but Plaintiff's remaining FLSA and NYLL unpaid overtime claims are DISMISSED without prejudice. If Plaintiff chooses to do so, he may seek leave to file a second amended complaint not later than June 16, 2022. Pursuant to the Undersigned's Individual Rules, a motion seeking leave to amend must include as an exhibit to the motion a redlined version of the proposed second amended complaint comparing the proposed revisions to the first amended complaint. If Plaintiff seeks leave to amend, Defendant's deadline to answer, move, or otherwise respond will be July 7, 2022. If Plaintiff does not seek leave to file a second amended complaint, his remaining unpaid overtime claims will be dismissed with prejudice for failure to state a claim. An initial pre-trial conference will be scheduled under separate order.

The Clerk of Court is respectfully directed to close the open motion at docket entry 14.

**SO ORDERED.**

Date: May 17, 2022
New York, New York

_____
VALERIE CAPRONI
United States District Judge