```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 8/2/2022
```

| | |
|---|---|
| **RAFAEL SANCHEZ,** | Case No. 1:21-cv-03229 (VEC) |
| **Plaintiff,** | |
| v. | **DISCOVERY CONFIDENTIALITY STIPULATION AND ORDER** |
| **L'OREAL USA, INC.,** | |
| **Defendant.** | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.    Any party to this litigation, or any third party who produces or discloses any Confidential material, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, provided it is not publicly available, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains confidential private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) medical records and/or therapist notes (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Rules of the United States District Court, Southern District of New York.  Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

FP 44766935.1

2. All Confidential material and/or "Attorneys' Eyes Only" material (as defined below) shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose unrelated to the prosecution or defense of this action, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 for all Confidential material or Paragraph 5 for Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

3. Any party shall have the right to designate as "Attorneys' Eyes Only" and, subject to this Order, which designation may only be made of documents containing Plaintiff's highly confidential or highly sensitive medical information and/or therapist records. Any party to this litigation, who produces or discloses any material designated as Attorneys' Eyes Only, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY"" (hereinafter "Attorneys' Eyes Only").

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Plaintiff;

    b. Defendant, meaning Defendant's executives who are required to participate in decisions with reference to this lawsuit;

    c. Plaintiff's counsel and Defendant's counsel;

    d. Outside counsel for Defendant (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

FP 44766935.1

e. Outside experts or consultants retained by Plaintiff's counsel, Defendant's counsel, or in-house counsel for purposes of this action (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A);

f. any deposition court reporter (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A);

g. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

h. The Court, the Bankruptcy Court in any related proceeding, the Second Circuit Court of Appeals, and in each instance, their court personnel;

i. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

j. Deponents and/or trial witnesses and their counsel (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A);

k. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and

3

clerical employees whose duties and responsibilities require access to such materials (provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A);

l. any person who may be selected by the Parties to preside over a mediation.

5. Confidential information marked "ATTORNEYS' EYES ONLY," is subject to the same disclosure limitations set forth above for information marked "CONFIDENTIAL," except that documents and/or information marked "ATTORNEYS' EYES ONLY," may only, absent an Order of the Court, be shared with: (1) Plaintiff; (2) Defendant, meaning, in this instance, Colleen K. Giusto, Esq. AVP – Labor & Employment once she has signed Exhibit A (and if she is subsequently no longer with Defendant company, Defendant's counsel will designate by e-mail a new person at Defendant to receive Attorneys' Eyes Only materials for whom a copy of signed Exhibit A will be provided to Plaintiff's counsel); (3) Plaintiff's counsel (herein defined as any attorney at The Dugger Law Firm, PLLC); (4) Defendant's counsel (herein defined as any attorney at Defendant's outside law firms which law firm has a notice of appearance filed in this action); (5) the Court, the Bankruptcy Court in any related proceeding, the Second Circuit Court of Appeals, and in each instance, their court personnel; (6) and outside experts from the medical field and/or field of therapy retained by Plaintiff's counsel, Defendant's counsel or in-house counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.  The only exception to this prohibition is where the information specifically refers to the deponent or trial witness with whom the information is being shared, in which case the additional information shall be redacted to permit disclosure of only such reference to a deponent or trial witness.  Such permitted disclosure of information designated "ATTORNEY' EYES ONLY" to a party or witness shall not modify or diminish the effect of that designation with

respect to other deponents, trial witnesses or uses. The Parties shall meet and confer regarding the propriety of any designation of documents as "ATTORNEY' EYES ONLY" within five (5) business days of any such designation, and work in good faith to narrowly tailor such designations only to highly sensitive medical information and/or therapist notes.

6. Confidential material and "ATTORNEY' EYES ONLY" material shall be used only by individuals permitted access to it under Paragraphs 4 and 5 respectively. Confidential material and/or "ATTORNEY' EYES ONLY" material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders or requires such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential and/or ATTORNEY' EYES ONLY material of a party to this action, such party shall have until fourteen (14) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or ATTORNEY' EYES ONLY, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (e), (f), (g), (h), and (k) above and the deponent during these fourteen (14) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (e), (f), (g), (h), and (k) above during said fourteen (14) days. Upon being informed that certain portions of a deposition are to be designated as Confidential and/or ATTORNEY' EYES ONLY, the designating party shall provide copies marking such pages as Confidential and/or ATTORNEY' EYES ONLY to the opposing party(ies).

6. If counsel for a party receiving documents or information designated as Confidential and/or ATTORNEY' EYES ONLY hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to said designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential and/or ATTORNEY' EYES ONLY. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to Confidential and/or ATTORNEY' EYES ONLY designation of a document or item of information cannot be resolved by agreement, the objecting party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. If the need arises during trial, oral argument, hearing, and/or appeal before the Court (inclusive of the Bankruptcy Court in any related proceeding, the Second Circuit Court of

FP 44766935.1

Appeals, and in each instance, their court personnel) for any party to disclose Confidential information, it may do so only after giving notice to the producing party at least seven (7) days before the trial, oral argument, hearing and/or appeal before the Court (unless the parties have less than seven days of notice of an oral argument or hearing in which case they will give reasonable notice of at least one business day) and as directed by the Court (inclusive of the Bankruptcy Court in any related proceeding, the Second Circuit Court of Appeals, and in each instance, their court personnel).  If the need arises during trial or at any hearing before the Court for any party to disclose "ATTORNEY'S EYES ONLY" information, it may do so only after meeting and conferring with the producing party at least seven (7) days before the trial, oral argument, hearing and/or appeal before the Court (unless the parties have less than seven days of notice of an oral argument or hearing in which case they will give reasonable notice of at least one business day), and as subsequently agreed to by the parties and/or as directed by the Court (inclusive of the Bankruptcy Court in any related proceeding, the Second Circuit Court of Appeals, and in each instance, their court personnel).

8.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential and/or ATTORNEY' EYES ONLY material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information,

document or thing as Confidential and/or ATTORNEY' EYES ONLY under this Discovery Confidentiality Order.

9. Any party shall have the right to include documents that are designated as Confidential and/or ATTORNEY' EYES ONLY with any motions or pleadings filed with the Court. If either party wishes to file such documents (as well as any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential information), they shall seek leave to file them under seal and/or to redact the publicly filed references thereto in compliance with the Court's Individual Practices.

10. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the sealing provisions of this Order from the Designating Party.

11. If a third-party witness refuses to execute a copy of Exhibit A prior to the Confidential material being shown or disclosed to such third-party witness, then the receiving party shall contact the producing party in order to attempt to reach a resolution regarding the disclosure of the Confidential material, prior to such Confidential material being shown to a third-party witness. If a resolution cannot be reached, the receiving and/or producing parties may seek and obtain appropriate relief from the Court. If the above-referenced refusal is by a deponent immediately prior to or within three business days of a deposition, the party taking the deposition shall, if possible, contact the producing party in order to attempt to reach a resolution regarding the disclosure of the Confidential material prior to the relevant deposition. However, if it is not reasonably possible to do so prior to the relevant deposition, the receiving party and/or producing parties may seek immediate relief from the Court.

12. The parties shall only designate documents as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" where their counsel have a good faith belief that such documents meet the requirements for such designation pursuant to this Order.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Within 60 days of the final disposition of this action – including all appeals -- all recipients of material designated as "Confidential" must either return it – including all copies hereof – to the Producing Party, or upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the receipt must certify its return or destruction by submitting a written certification to the Producing Party that affirms that is has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any such Confidential material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all discovery documents, pleading, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential material; any such archival copies remain subject to this Discovery Confidentiality Order.

18. All requests to seal or redact documents filed with the Court shall comply with this Court's Individual Practices. The Parties' compliance with the Court's determinations and/or instructions concerning redactions and/or filing under seal, pursuant to the Court's Individual Practices, will not violate this Order.

19. Plaintiff shall provide a privilege log contemporaneously with the production of Plaintiff's medical records, identifying the basis for the redaction of any material based on an assertion of privilege, in accordance with Federal Rules of Civil Procedure and/or Local Rules.

20. Wherever practicable, Confidential information will be redacted or segregated to allow non-confidential portions of documents to be treated as outside the scope of this Order.

21. If it comes to a party or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must timely notify all other parties that it is withdrawing the mistaken designation.

22. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that were obtained lawfully by such party, independently of the discovery proceedings in this litigation.

23. If a party is served with a subpoena or court order seeking disclosure of Confidential or Attorneys' Eyes Only material in its possession, the party against whom the process or inquiry is directed shall give written notice within five (5) business days of receipt of such process or inquiry to the designating party, shall promptly notify the party who caused the subpoena or court order to issue of the existence of this Discovery Confidentiality Order, and shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected. If the designating party seeks a protective order before the production deadline, the party served with the subpoena or court order shall not produce any information designated as Confidential or Attorneys' Eyes Only before a determination by the court from which the subpoena or order is issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential material.

| | |
|---|---|
| **THE DUGGER LAW FIRM, PLLC**<br>Attorneys for Plaintiff | **FISHER & PHILLIPS LLP**<br>Attorneys for Defendant |
| By:  *s/Cyrus E. Dugger*<br>   Cyrus E. Dugger, Esq.<br>   28-07 Jackson Avenue, 5th Floor<br>   Long Island City, NY  11101 | By:   *s/ David B. Lichtenberg*<br>   David B. Lichtenberg, Esq.<br>   Times Square Tower<br>   7 Times Square, Suite 4300<br>   New York, New York 10036 |

**IT IS SO ORDERED**.

_____
HONORABLE VALERIE E. CAPRONI, U.S.D.J.

**DATED:**      8/2/2022

---

Notwithstanding any provision to the contrary in this stipulation, the parties must comply with the Undersigned's Individual Practices in the event of a discovery dispute (*see* Rule 3(B)) or when filing materials under seal (*see* Rule 5).

12

FP 44766935.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAFAEL SANCHEZ, <br><br> **Plaintiff,** <br><br> v. <br><br> L'OREAL USA, INC., <br><br> **Defendant.** | Case No. 1:21-cv-03229 (VEC) <br><br> **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I,_____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____

and the address of my present employment is_____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential and/or Attorney's Eyes' Only Material or any words, summaries, abstracts, or indices of Confidential and/or Attorney's Eyes' Only Information disclosed to me.

6. I will limit use of Confidential and/or Attorney's Eyes' Only Material disclosed to me solely for purpose of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____ _____
                                                                                                       Name