**DLF | The Dugger Law Firm PLLC**

*Cyrus E. Dugger, Esq.*
*Gotham Center*
*28-07 Jackson Ave., 5th Fl.*
*Long Island City, NY 11101*
*Tel: (646) 560-3208*
*www.theduggerlawfirm.com*

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2022
```

August 19, 2022

<u>Via ECF</u>
The Honorable Valerie Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Sanchez v. L'Oreal USA Inc.*, No 1:21 Civ. 03229 (VEC) (BCM)

Dear Judge Caproni:

This firm represents Plaintiff Rafael Sanchez in the above-referenced matter. Pursuant to Your Honor's law clerk's instructions, the parties submit this joint letter outlining the discovery disputes in this matter, and respectfully request a conference before Your Honor.

### <u>Dispute Regarding Extension of Time Through August 31</u>

**A.     Defendant**

This is an employment action arising under NYCHRL for alleged discrimination and harassment claims. Plaintiff Rafael Sanchez ("Plaintiff") was a freelancer who L'Oréal retained through Randstad Professional US, LLC.

To attempt to move the case forward while a motion to dismiss (ECF No. 14) was pending, on January 27, L'Oréal served 17 interrogatories and 36 document requests on Plaintiff. Plaintiff refused to propound or respond to any discovery requests until the Court scheduled its initial pretrial conference. Counsel for the parties met June 15 in accordance with Fed. R. Civ. P. 26. Plaintiff's responses to discovery were due July 15. Despite having the requests since January, Plaintiff produced documents on a rolling basis, through August 15. Defendant took no issue with this, and accommodated Plaintiff's production schedule.

On July 1, Plaintiff served **101 requests for admissions** and **25 interrogatories**. Responses were due August 1. On July 7, Plaintiff served **113 document requests**. Responses were due August 8. Plaintiff seeks ESI from at least **7 custodians** and proposes **over 325 search terms** in addition to general email requests for a **five-year period** (October 1, 2017 to the present). In addition to the sheer volume, Plaintiff's document requests are overbroad and not proportional to the needs of the case because Plaintiff was <u>not</u> L'Oréal's employee – he was a freelancer for L'Oréal for one year between December 2017 and December 2018.

L'Oréal has kept Plaintiff's counsel apprised of its efforts to respond to the voluminous discovery requests. On July 26, Defense counsel advised Plaintiff's counsel that given summer schedules and client unavailability, L'Oréal needed an extension (2 weeks for requests for admissions and interrogatories and 1 week for document requests) to respond, through August 15. Plaintiff's counsel agreed to the extension *only if* he could have until August 29 to produce all of his documents. Defense counsel agreed again to accommodate Plaintiff.

On August 10, Defense counsel advised Plaintiff's counsel that L'Oréal needed until the end of August to respond to the voluminous written discovery, explaining that it was taking longer than expected and an employee with pertinent information was out on leave. On August 11, Plaintiff's counsel denied the request for the extension.

L'Oréal respectfully requests the Court allow it to respond to written discovery by August 31.

**B.     Plaintiff**

As background, Plaintiff agreed to Defendant's first request for an extension: (1) two weeks on their responses to requests for admission (a total of 45 days to respond); (2) two weeks on their interrogatory responses (a total of 45 days to respond); and one week on their document request responses (a total of 39 days to respond).

When Defendant asked for a second extension, Plaintiff responded that we could not agree to an across-the-board extension of time on their requests for admission and interrogatories (for which they had a total of six weeks to respond). However, we also noted that we would be willing to discuss an extension of their document request responses and objections if they would be willing to expedite the production of documents for the noticed third-party deposition of former human resources personnel for Lord & Taylor Minerva Abujawdeh on September 1, 2022.[1] Defendant never responded to or discussed this reasonable compromise.

We further noted that, if they could identify specific requests for admissions and interrogatories that they were having difficulty with, we would be open to discussing extensions on those specific numbered requests. Defendant never responded to or discussed this reasonable compromise.[2]

Having set forth our position and proposals on August 11, 2022, we simultaneously offered availability for the same day, and the following day, to meet and confer on any of these topics, in anticipation of Defendant's potential need to call the Court before the pending August 15, 2022 deadline. Defendant, however, did not schedule a meet and confer until August 15, 2022, the day

---

[1] *See* Cyrus E. Dugger Aug. 11 Email Correspondence ("We are open to discussing a potential extension regarding your document request responses. However, any agreement would need to at least agree that all Lord & Taylor-related documents be produced by August 22, to allow us sufficient time to review those documents to prepare for the September 1 Abujawdeh subpoena deposition.").

[2] *Id.* ("If there are some small number of requests for admission or interrogatories that you feel you are not currently able to respond to that are holding things up, please identify them, and we can have a discussion concerning potentially extending the deadline for those specific requests.").

2

their responses were due, and instead of asking to call chambers at the end of that call, quickly ended the call, telling Plaintiff's counsel they would be writing to the Court.

We are perplexed as to how these practical proposals were, while not simply giving Defendant's counsel everything they demanded, not fair compromises -- preferable to Defendant's counsel belatedly asking the Court for a second extension after the first deadline expired in exactly the way this Court's Individual Practices have instructed the parties not to do.[3]  Pointedly, during their cursory meet and confer call with Plaintiff's counsel on August 15, 2022, Defendant's counsel never mentioned either of Plaintiff's counsel's above-described proposals, and instead, mechanically repeated their request for an across-the-board extension of all their deadlines and to move all of the noticed third-party depositions.

Nor would have complying with these requests have been difficult as Defendant's counsel attempts to portray.  First, Plaintiff's requests for admission, while numerous, largely ask Defendant, in different ways, to confirm the most basic factual and legal issues in the case centering primarily on the potentially dispositive questions of which workers Defendant concedes were: (1) employees and/or agents of L'Oreal; and/or (2) had managerial and/or supervisory roles. Resolving these basic issues now, which Plaintiff does not believe Defendant can reasonably avoid conceding, and which concessions would likely <u>drastically</u> reduce the amount of electronic discovery required for the case and the number of topics to cover (and resulting length) of the four noticed third-party depositions (and potentially eliminate the need to take several more).

Pointedly, if Defendant could not, as of today (or for that matter months ago, at the January 5, 2022 settlement conference, or within a few months of appearing in this proceeding in July 2021) answer the basic legal and factual questions in the requests for admission, they could not have been, as they say, "diligent" in working on discovery -- or even taking meaningful steps in the defense of the case.[4]

Simply put, if Defendant's counsel had been diligently engaged in the defense of this litigation -- with the help of the three lawyers now assigned to this case at Defendant counsel's firm, backed up by the considerable resources of the multi-billion dollar corporate defendant's general counsel's office -- they could have quickly and easily answered these basic factual and legal questions.

Further still, Defendants' failure to timely request an extension, or give itself time to react to the possibility of its denial by the Court, was extraordinary given that, absent affirmative action by the Court, Defendant's failure to respond by the (extended) deadline of August 15 means that it has admitted the requests for admission.  Fed R. Civ. P. 36(a)(3).

---

[3]     *See* Individual Practices § B(i) ("Discovery disputes that cannot be resolved by the parties must be brought to the Court's attention in a timely fashion. If the parties have failed to do so, the Court is unlikely to grant a request for an extension of the discovery deadline because of the existence of outstanding, disputed discovery requests.").

[4]     *See e.g.*, REQUEST NO. 18 ("Admit that Samantha Bergman was an employee of L'Oreal at all times during November 1, 2017 to December 3, 2019."); REQUEST NO. 34 ("Admit that Alberto Caballero exercised managerial responsibility concerning Viviana Nunez during November 1, 2017 to December 3, 2018."); REQUEST NO. 68 ("Admit that Viviana Nunez was authorized to act on behalf of L'Oreal concerning Plaintiff.").

Second, the same critique applies as to Plaintiff's twenty-five interrogatories that are, as required by local rule, narrowly limited to the provision of names of potential witnesses and a description of Defendant's databases and additional electronic document custodians.[5]

Third, with respect to the document requests, pursuant to Fed. R. Civ. P. 34(b)(2)(B), nothing stopped Defendant's counsel, from providing its document request objections and responses as to the searches it would conduct, and a reasonable date by which the documents would be produced -- just as Plaintiff did. Indeed, had they not abruptly ended our meet and confer call on August 15, 2022, we would have suggested they do exactly that. Importantly, this would have allowed Plaintiff to identify where there was agreement and where there were disputes on the documents to be produced -- allowing us to zero in on meeting and conferring on those document disputes in advance of the upcoming depositions. Instead, after receiving an extension, Defendant sought Court intervention -- both belatedly and without justification -- to avoid providing *anything* for an additional two weeks between August 15 and 29, in a way that they assumed would force us to reschedule four noticed depositions.

The result is that Plaintiff has: (1) produced document responses and objections; (2) stated that its initial document productions will be completed by August 29, 2022; (3) produced 897 pages of discovery (with thousands more on the way); (4) searched through thousands of Plaintiff's electronic documents; (5) provided interrogatory responses; and (6) located and successfully served subpoenas, at considerable expense, on four third-party witnesses.

And in contrast, Defendant's counsel's only discovery output has been: (1) its initial disclosures; (2) serving its own discovery requests (which have all been responded to); and (3) recently notifying Plaintiff that it represents two of the four third-party witnesses (but *similarly* failing to actually produce documents for them by their August 15, 2022 production deadline and *ignoring* Plaintiff's counsel's August 16, 2022 request to meet and confer about their failure to produce). Indeed, it is not immediately clear *what* Defendant's counsel have *actually done* discovery-wise on this case. At the very least, this is, so far, a lop-sided discovery process -- in the extreme -- particularly where it is Defendant, as the employer, that has the larger amount of relevant documents to produce. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989) (internal quotation marks omitted) (superseded by statute on other grounds); *Vuona v. Merrill Lynch & Co., Inc.*, No. 10 Civ. 6529, 2011 WL 5553709, at *3 (S.D.N.Y. Nov. 15, 2011) (internal quotation marks omitted) ("In the context of employment discrimination cases . . . liberal civil discovery rules, giv[e] plaintiffs broad access to employers' records in an effort to document their claims.").[6]

---

[5] *See, e.g.*, No. 5. ("Provide the name(s) of all individual(s) with knowledge of information concerning the name(s) of persons who witnessed any of the statements made by Viviana Nunez to Plaintiff as alleged in the original, First Amended, and/or subsequent complaints filed in this action."); No. 7. ("Provide the name(s) of all individual(s) with knowledge of information concerning the name(s) of persons employed by and/or associated with Lord & Taylor with whom L'Oreal has communicated, had any conversations, meetings, interviews, or written communications concerning Plaintiff, Viviana Nunez, and/or the allegations in the original, First Amended, and/or subsequent complaints filed in this action.").

[6] Importantly, the person on leave we believe Defendant's counsel is blaming for impeding their responses is third-party witness Samantha Bergman (apparently still an employee of Defendant). Defendant's counsel has been asserting that they are "in the process" of confirming representation of her for well over a month now. Moreover, before her recent leave, Defendant had ready access to interview her since this case was filed more than a year ago in

4

Quite frankly, we do not believe that defense counsel is treating this case, or its related discovery process, with the seriousness that it deserves -- a notion reinforced by Defendant's counsel rescheduling several scheduled calls for this matter.[7]

Accordingly, we respectfully request that: (1) Defendant's request for extensions be denied; and (2) that Defendant be ordered to prioritize document productions, relating to Lord & Taylor, for the September 1, 2022 deposition of Minerva Abujawdeh.

**Plaintiff's Subpoenas on Five Non-Party Witnesses**

A.   **Defendant**

Plaintiff served subpoenas on five (5) non-party witnesses for testimony on September 1, 4, 19, 21, and 23. Lead Defense counsel has a trial starting on September 19 and advised Plaintiff's counsel that September depositions were simply not feasible. Defense counsel further advised Plaintiff's counsel that Defense counsel represents two[8] of the five third parties for purposes of their depositions. Thus, Defense counsel has the ability to arrange for mutually convenient alternate deposition dates and, to the extent possible, will assist in facilitating a mutually convenient alternate deposition date for the other two third parties. Defense counsel proposed that all depositions, including Plaintiff's, take place in October, well before the discovery end date. Plaintiff's counsel said that he is not willing to move the non-party deposition dates and noted that Defense counsel works at a large firm and can get other attorney(s) to appear.

B.   **Plaintiff**

As background, on June 27, 2022, Plaintiff's counsel provided Defendant's counsel with copies of document and depositions subpoenas we were serving for three key third-party witnesses: (1) Viviana Nunez (primary harasser and Plaintiff's supervisor); (2) Samantha Bergman (primary harasser's supervisor and Plaintiff's supervisor); and (3) Alberto Caballero (Plaintiff's supervisor), containing respective deposition dates of September 21, 19, and 23, 2022. Defendant's counsel said nothing in response to receiving these subpoenas, with these dates, and they were subsequently successfully served on these third-party witnesses.

On July 1, 2022, Plaintiff's counsel provided Defendant's counsel with a copy of a deposition subpoena we were serving on former Lord & Taylor HR professional Minerva Abujawdeh, for September 1, 2022. Defendant said nothing in response to receiving this subpoena, with this date, and it was subsequently successfully served.

Locating and successfully serving these third-party witnesses with subpoenas cost Plaintiff

---

April of 2021, and in any event, as her employer, Defendant has ready access to all of her emails and electronic records.

[7]   We are not sure what Defendant's calculation of 325 search terms is based on.
[8]   Defense counsel is in the process of confirming representation for a third non-party.

5

(a working-class HIV-positive gay man litigating against a multi-billion dollar multi-national corporation), approximately $2,000. It was only after these costs were incurred, almost two weeks later, that Defendant's counsel mentioned on a call that he may have a trial going forward during the week of September 19, 2022.

Plaintiff immediately notified Defendant that they could not assume that we could move the depositions given the expenses we had incurred, suggested that a different attorney from Defendant's counsel's office attend the third-party depositions, and moreover, invited them to suggest any alternative solutions. Defendant's counsel did not respond to this email.

Even more importantly, we cannot believe that David Lichtenberg, who may (or ultimately may not) be at trial the week of September 19, 2022, is the only attorney qualified at his firm, or on his team of three lawyers on this case, to attend the three third-party depositions scheduled for this week to make objections. Moreover, the September 1, 2022 deposition of Abujawdeh -- who Defendant's counsel does not represent -- does not conflict with Mr. Lichtenberg's trial dates.

Indeed, we note that Defendant's counsel, invoking state court CPLR priority rules inapplicable here, have repeatedly voiced their view that Plaintiff should be deposed before any other witnesses. We suspect that part of what is driving Defendant's resistance to providing discovery, or moving forward with our noticed depositions, is their admitted interest in moving forward first with Plaintiff's deposition (which they have yet to notice). In fact, the Court can anticipate Defendant's counsel will push to do so after Plaintiff's document production is completed in a little over a week, while simultaneously arguing the other third-party depositions (which we anticipate being highly damaging to Defendant's defense) should wait for them to produce the documents they are withholding.

Accordingly, we respectfully request that the noticed third-party depositions proceed as noticed.

**The Parties' Availability for a Conference**

Counsel are available on August 25 (all day) and August 26 until 2:00 p.m.

We thank Your Honor for your time and consideration.

                                        Respectfully submitted,

*/s/ David B. Lichtenberg*        */s/ Cyrus E. Dugger*
David B. Lichtenberg          Cyrus E. Dugger

The parties must meet and confer **in person** for at least two hours in an attempt to resolve all outstanding discovery issues, including the scheduling of party and non-party depositions.  The meet-and-confer must occur **before 5:00 p.m. on September 2, 2022.**

After the meet-and-confer, should any discovery issues remain unresolved, the parties must prepare a joint letter of **no more than three pages** stating succinctly the dispute and each party's position.  The parties **may not** argue their positions; they may only **state** their positions in clear and concise terms.  This joint letter shall be due by no later than **12:00 p.m. on September 7, 2022.**

The Court expects the parties to deal with each other professionally and collegially.  The parties are further reminded that discovery must be proportional to the needs of the case.

SO ORDERED.

*[signature]*                    Date: 8/24/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE